# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Trent and Terri Stevenson**<br>22387 County Road J<br>Archbold, Ohio 43502<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**Midwest Energy Cooperative**<br>60590 Decatur Rd.<br>Cassopolis, Michigan 49031<br>*Serve*:　Corporation Service Company<br>　　　　3366 Riverside Drive<br>　　　　Suite 103<br>　　　　Upper Arlington, Ohio 43221<br><br>　　　　　　Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Zachary J. Murry (0087421)<br>BARKAN & ROBON LTD.<br>1701 Woodlands Drive<br>Suite 100<br>Maumee, Ohio 43537<br>Phone:　(419) 897-6500<br>Fax:　　(419) 897-6200<br>zmurry@barkan-robon.com<br><br>*Attorney for Plaintiffs* |

Now come the Plaintiffs, by and through undersigned counsel, and hereby file their Complaint for damages against Defendant Midwest Energy, and in support of their cause, hereby declare and aver as follows:

### PRELIMINARY STATEMENT

1.　Plaintiffs bring this action seeking relief for a violation of Plaintiffs' constitutional rights. Particularly, Plaintiffs state that the governmental activity of the Defendant Midwest Energy, by virtue of its of its trespass and unconstitutional taking of portions of

Plaintiffs' real property, as well as the tortious destruction of trees growing thereon, has resulted in a violation of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the U.S. Constitution as well as Article 1 Section 19 of the Ohio Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

3. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391, as the events giving rise to the Plaintiffs' claims occurred within this district.

## THE PARTIES

4. Plaintiffs Trent Stevenson and Terri Stevenson (hereinafter collectively referred to as "Plaintiffs" or "The Stevensons") are the owners of certain real property located at located in Fulton County, Ohio at permanent parcel no. 09-019316-00.000 with an address of 22387 County Road J, Archbold, Ohio 43502 (the "subject property").

5. Midwest Energy Cooperative ("MEC") is, and at all relevant times was, an electric cooperative providing electrical utility service across Southeastern Michigan and portions of Northwest Ohio. Upon information and belief, at all relevant times MEC was duly authorized by the State of Ohio to provide electric transmission and distribution services to customers in and around Archbold, Ohio, including but not limited to the Plaintiffs.

## FACTS

6. Plaintiffs have resided at the subject property since purchasing it in 2006.

7. Since purchasing the property, Plaintiffs have worked hard to improve and maintain the property.

8. Plaintiffs' residence faces the public roadway. Prior to December 22, 2021, Plaintiffs' residence and the subject property were screened from the public roadway by the presence of numerous mature, well-developed and healthy trees.

9. These trees provided privacy to the Plaintiffs in their use of the subject property. The trees also provided significant aesthetic enhancement to the property, as well as necessary shading. At all relevant times, the trees were a critical component of the landscaping of the subject property.

10. Since taking title to the subject property, Plaintiffs have received their electric utility service from Defendant MEC. MEC provides electric service to Plaintiffs' property via distribution lines and a transformer placed along the road frontage.

11. The distribution infrastructure and MEC's power lines along Plaintiffs' property is, and at all relevant times was, outside of the right-of-way for the public, dedicated roadway.

12. Instead, MEC's power lines are located exclusively on Plaintiffs' property.

13. MEC does not have, and at no relevant point had, any written easement rights granted to it to utilize any portion of Plaintiffs' property. *See* Title Report, filed herewith and incorporated herein by reference as Exhibit 1.

14. At all relevant times the Plaintiffs' trees were placed behind MEC's powerlines, screening the unsightly utility lines from the Plaintiffs' house.

15. At all relevant times the trees did not impair or impede the ability of MEC to operate or maintain its power utility infrastructure, both generally, and in the provision of utility service to the Plaintiffs.

16. In or about November 2021, MEC contacted Plaintiffs and informed them it would be trimming Plaintiffs' trees. The stated reason for this work was that MEC needed clearance for its power lines.

17. Upon receipt of this Notice, Plaintiffs contacted MEC and objected to their tree trimming activity on the Plaintiffs' property.

18. At or around this point, it was discovered that MEC intended to remove Plaintiffs trees rather than just trimming them.

19. It was also confirmed at or about this time that Defendant did not have any recorded easement rights on or against the subject property.

20. Plaintiffs informed MEC that it did not have consent to enter onto Plaintiffs' property or to trim or remove any trees located thereon.

21. MEC responded to Plaintiffs that, in lieu of completely the trees, it would be willing to bury the lines in front of Plaintiffs' property, at Plaintiffs' sole expense.

22. Plaintiffs refused to pay for MEC's utility work, particularly when MEC had no recorded easement rights on the subject property.

23. As a utility provider, MEC has, and at all relevant times had, a limited power of eminent domain.

24. In utilization of this power, MEC does not have 'quick take' authority. Instead, it may only take property in accordance with the strictures contained within Chapter 163 of the Ohio Revised Code.

25. Notably, MEC may not take possession of appropriated property until a judgment has been entered on the just compensation due for the appropriation or upon the issuance of an injunction pursuant to Ohio Rule of Civil Procedure 65.

26. MEC did not file a lawsuit in Court to appropriate easement rights on the Plaintiffs' property. It did not file a declaratory judgment action seeking recognition of prescriptive easement rights. It did not seek an injunction for leave to enter the property in light of a public exigency or other harm.

27. Instead, on December 22, 2022, MEC, by and through its agents and contractors, arrived on the subject property.

28. Plaintiffs again objected to MEC's presence on the subject property and the undertaking f any and all tree trimming and removal.

29. MEC again ignored Plaintiffs' objections and lack of consent and proceeded to cut down and destroy nine (9) mature trees. These trees included: Colorado Spruce (2), Norway Spruce (1), Red Maple (3), Silver Maple (1), and White Pine (2).

30. The value of these trees exceeded $10,000. In addition, the trees greatly enhanced the overall value of the subject property.

31. The loss of these trees has caused substantial diminution in value to the entirety of the subject property.

32. MEC's conduct on the Plaintiffs' property also caused damage to the real estate including but not limited to ruts and the loss of sod.

33. As a direct and proximate result of the conduct of MEC, Plaintiffs have suffered significant financial injury as well as impairment of their fundamental constitutional rights.

### FIRST CAUSES OF ACTION
### (Trespassing)

34. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as set forth fully at length herein.

35. Defendants had no license or permission to enter onto Plaintiffs' property and Plaintiffs' specifically objected to MEC's entering onto the subject property.

36. MEC, individually and through its agents and contractors, did intentionally enter onto Plaintiffs property.

37. MEC intentionally damaged Plaintiffs' during its unauthorized use of the subject property.

38. As a direct and proximate result of the MEC's tortious misconduct, Plaintiffs have suffered damages, in an amount to be proven at trial, in excess of $75,000.00.

39. In addition, the conduct of Defendant MEC as descried herein evidences a shocking disregard for the rights of Plaintiffs. Plaintiffs are therefore entitled to an assessment of punitive damages against MEC to set an example of it and to deter such conduct in the future.

## SECOND CAUSE OF ACTION
### Violation of OH Rev. C. § 901.51

40. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as set forth fully at length herein.

41. Defendants did intentionally enter onto Plaintiffs property without privilege to do so and intentionally and recklessly cut down and destroy Plaintiffs' mature trees.

42. OH Revised Code Section 901.51 states that:

> "[n]o person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land . . . whoever violates this section is liable in treble damages for the injury caused.

*Id*.

43. MEC's conduct violates OH Rev. C. § 901.51 and Plaintiffs are entitled to treble damages for MEC's misconduct.

## THIRD CAUSE OF ACTION
### (42 USC §1983)

44. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

45. The actions and inactions undertaken by Defendant MEC shock the conscience and represent an impermissible disregard for the fundamental constitutional rights and liberties of the Plaintiffs.

46. Defendant's actions were and are undertaken under color of law, by virtue of the eminent domain power granted it as a utility carrier, and Defendant has used its power to violate the Constitutional rights of the Plaintiffs.

47. Specifically, Defendants have violated Plaintiffs' rights as enshrined in the Fifth and Fourteenth Amendments, including but not limited to their just compensation for the taking of their property and to equal protection under the law. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. §1983.

48. As a direct and proximate result of Defendant's taking, Plaintiffs have suffered damages, in an amount to be proven at trial, in excess of $75,000.00.

## FOURTH CAUSE OF ACTION
### Declaratory Judgment

49. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

50. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201, this Court has jurisdiction to declare the respective rights and legal relations of the parties in this controversy.

51. Plaintiffs state that MEC has no recorded or granted easement rights on or to the subject property.

52. To the extent that MEC may have prescriptive easement rights on the subject property, Plaintiffs seek declaration of those easement rights and further pray that any such easement rights be strictly proscribed so as not to cause further interference with Plaintiffs' rights to, and enjoyment of, the subject property.

**WHEREFORE**, the Plaintiffs respectfully pray for judgment against Defendant as follows:

A. On the FIRST cause of action, Plaintiffs seek declaratory relief and compensation for the taking of their property according to law, together with all interests, costs and reasonable attorney fees associated herewith;

B. On the SECOND cause of action, an award in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with all interests, costs and reasonable attorney fees associated herewith.

C. On the THIRD cause of action, an award of treble damages, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with all interests, costs and reasonable attorney fees associated herewith arising from the reckless and willful destruction of Plaintiffs' trees and the property diminution caused thereby together with all interests, costs and reasonable attorney fees associated herewith.

D. On the FOURTH cause of action, declaratory judgment in favor of the Plaintiffs finding that MEC has no easement rights on the subject property, or, alternatively, defining and strictly proscribing the scope of any such prescriptive easement rights

E. For such other and further relief as this Honorable Court deems equitable, proper, and just.

Dated: December 21, 2022

Respectfully submitted,

**BARKAN & ROBON LTD.**

By: /s/ Zachary J. Murry
Zachary J. Murry (0087421)
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

**BARKAN & ROBON, LTD.**

By: /s/ Zachary J. Murry
Zachary J. Murry (0087421)
*Attorney for Plaintiffs*